NAT. BANK OF LYNDON v. WELLS RIVER MANUF'G Co. and others.

*(Circuit Court, D. Vermont. May 27, 1881.)*

1. REMOVAL—NECESSARY PARTIES—OFFICERS OF CORPORATION.

The officers of a corporation are not such necessary parties to a suit involving the title to lands, alleged to have been fraudulently conveyed by the corporation, as to prevent a removal under the act of March 3, 1875.

In Equity. Motion to remand.

*Leslie & Rogers*, for plaintiff.

*E. W. Smith*, for defendants.

WHEELER, D. J. This suit was commenced in Caledonia county court of chancery. The plaintiff and the defendant Fessenden are citizens of Vermont; all the other defendants are citizens of other states. The suit is brought to set aside a levy of execution in favor of Gilbert A. Tapley against the Wells River Manufacturing Company; and a conveyance from him to Walter A. Tapley, alleged to be fraudulent and void as to creditors of that company, of its lands, afterwards attached and levied upon by the plaintiff to collect a debt of the company existing at the time of the former levy, and to confirm the title of the plaintiff to the lands, which are in possession of the defendant Fessenden as an officer of the company, and the defendants Richardson and Potter, under the Tapleys. The suit was removed into this court on the petition of the defendants, who are citizens of other states.

The plaintiff has moved to remand it, and it has been heard upon this motion.

The principle controversy relates to the title to the land, to which Fessenden is not alleged to make any claim. As the fraud of the corporation is set up to defeat the title acquired from it, the corporation is a proper, if not a necessary, party to the bill; and, where a corporation is a party, under such circumstances its officers are proper parties in order to obtain discovery from them, but they are not necessary parties. Here, in this suit, is this controversy about the title to this land, upon one side of which is a citizen of Vermont, and on the other citizens of others states, which can be fully determined as between them without the presence of the other parties. Such a suit is removable by any of the defendants actually interested in such controversy under the act of March 3, 1875. This has lately been determined by the supreme court of the United States. *Barney* v. *Latham*, Chic. Leg. News, May 21, 1881.

Motion overruled.

The plaintiff has leave to amend the bill according to suggestions therein, as moved for on the hearing of the motion, at any time before July rule-day, without prejudice to the injunction and receivership now in force: and the defendants have leave to answer the bill as it may be amended, at any time before August rule-day.